UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Constitution Pipeline Co., LLC,**

                      **Plaintiff,**

               **-v-**                                  3:14-CV-2026 (NAM/RFT)

**A Permanent Easement for 3.75 Acres and Temporary Easements for 4.95 Acres, in Sidney, Delaware County, New York, Tax Parcel Number 117.-1-58.12; Timothy Camann, and Christine Camann,**

                      **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Saul Ewing LLP
Elizabeth U. Witmer, Esq., of counsel
1200 Liberty Ridge Drive, Suite 200
Wayne, Pennsylvania 19087-5569
and
John P. Stockli , Jr.
Stockli, Slevin and Peters, LLP
1826 Western Avenue
Albany, New York 12203
and
Saul Ewing LLP
Sean T. O'Neill, Esq., of counsel
Saul, Ewing LLP
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
and
Hiscock & Barclay LLP14-2018
Yvonne E. Hennessey, Esq., of counsel
80 State Street
Albany, New York 12207
Attorneys for Plaintiff

Timothy Camann
Christine Camann
13600 County Highway 34
Unadilla, NY 13820
Defendants, *Pro Se*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On December 2, 2014, the Federal Energy Regulatory Commission ("FERC") issued an Order which, *inter alia*, authorized plaintiff Constitution Pipeline Co., LLC ("Constitution") to construct and operate approximately 124 miles of new 30-inch diameter natural gas pipeline ("the Project"). The FERC Order granted to Constitution a certificate of public convenience and necessity ("FERC certificate") under the Natural Gas Act ("NGA"), 15 U.S.C. § 717f. The NGA grants private natural gas companies the federal power of eminent domain where they hold a FERC certificate and either cannot acquire property by contract, or are unable to agree with the owner of the property on the amount of compensation to be paid for a necessary right of way for the transportation of gas. *Id.* at § 717f(h).[1] District court has jurisdiction in such cases when the amount claimed by the owner of the property to be condemned exceeds $3,000. Thus, "[o]nce a [certificate of public convenience and necessity] is issued by the FERC, and the gas company is unable to acquire the needed land by contract or agreement with the owner, the only issue before the district court in the ensuing eminent domain proceeding is the amount to be paid to the property owner as just compensation for the taking." *Maritimes & Northeast Pipeline, L.L.C. v. Decoulos*, 146 Fed.Appx. 495, 498 (1st Cir. 2005); *Millennium Pipeline Co., L.L.C. v. Certain*

---

[1] 15 U.S.C. § 717f(h) provides:
> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located.... [T]he United States district courts shall only have jurisdiction of the cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

*Permanent & Temp. Easements*, 777 F.Supp.2d 475, 479 (W.D.N.Y. 2011), *aff'd* 552 Fed.Appx. 37 (2d Cir. 2014).

Relying on its FERC Order, Constitution commenced the instant action under section 71.1 of the Federal Rules of Civil Procedure against defendants, the owners of the subject property, to take the rights of way on the property necessary to install and construct pipeline facilities as part of the Project. The complaint (Dkt. No. 1) seeks an order and judgment holding that Constitution has the substantive right to condemn the rights of way, fixing the compensation to be paid to defendants for the rights of way, and granting title to the rights of way to Constitution. The complaint avers that the FERC Order covers rights of way described in the complaint and that, although Constitution has offered at least $3,000 for the rights of way, it has been unable to acquire the rights of way by agreement with the landowners.

Currently before the Court are the following motions:

- Constitution's Motion for Partial Summary Judgment (Dkt. No. 4) seeking partial summary judgment holding that Constitution has the substantive right to condemn a permanent right of way and easement and temporary easements as described in Exhibit A to the complaint; and

- Constitution's Omnibus Motion for Preliminary Injunction (Dkt. No. 7) seeking access to, possession of, and entry to the rights of way upon the filing of a bond

Defendants submit *pro se* opposition. Where, as here, the nonmovant is proceeding *pro se*, a court must read that party's papers liberally and interpret them "to raise the strongest arguments that they suggest." *See Treistman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and quotation marks omitted). It appears that defendants oppose only the preliminary injunction motion, but in view of their *pro se* status, the Court liberally interprets

their submission as constituting opposition to both motions.

Defendants first argue that in issuing the FERC certificate, FERC "acted contrary to the requirements of the Clean Water Act, the Natural Gas Act, the Fifth and Fourteenth Amendments of the United States Constitution, the Endangered Species Act, and the National Environmental Policy act and its implementing regulations."  In response to defendants' argument, plaintiff correctly points out that once a FERC certificate is issued, judicial review of the FERC certificate itself is only available in the circuit court.  *See* 15 U.S.C. § 717r(b); *Millennium Pipeline*, 777 F.Supp.2d at 479; *Kansas Pipeline Co. v. A 200 Foot By 250 Foot Piece of Land*, 210 F. Supp. 2d 1253, 1256 (D.Kan. 2002) ("The district court lacks jurisdiction to review the validity and/or conditions of a FERC certificate.").  As explained by the Tenth Circuit:

> [A] collateral challenge to the FERC order [granting certificate of public convenience and necessity under 15 U.S.C. § 717f] could not be entertained by the federal district court. We agree with the appellants that the eminent domain authority granted the district courts under § 7(h) of the NGA, 15 U.S.C. § 717f(h), does not provide challengers with an additional forum to attack the substance and validity of a FERC order. The district court's function under the statute is not appellate but, rather, to provide for enforcement.

*Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 264 (10th Cir. 1989); *accord Guardian Pipeline, LLC v. 529.42 Acres of Land*, 210 F.Supp.2d 971, 974 (N.D.Ill. 2002) ("The jurisdiction of [district] court is limited to evaluating the scope of the FERC Certificate and ordering condemnation as authorized by that certificate").  It is not for this Court to decide whether the FERC Order was properly issued.  The Court rejects this argument.

Plaintiff has demonstrated that it meets the requirements of 15 U.S.C. § 717f(h): it has a certificate of public convenience and necessity issued by FERC; it has not been able to acquire the needed land by contract or agreement with the owner; and the owner has rejected an offer of

at least $3,000. Thus, it is authorized to exercise the federal power of eminent domain. *See Millennium Pipeline*, 777 F.Supp.2d at 479. On this record, reading defendants' papers most liberally and resolving all ambiguities and drawing all factual inferences in their favor, the Court finds no genuine issue with regard to any material fact and no legal obstacle to partial summary judgment. *See Celotex Corp. v Catrett*, 477 U.S. 317, 322 (1986); *Treistman*, 470 F.3d at 474. Plaintiff is entitled to partial summary judgment holding that, pursuant to the NGA and the FERC Order, Constitution has the substantive right to condemn a permanent right of way and easement and a temporary easement as described in Exhibit A to the complaint.

Regarding plaintiff's motion for a preliminary injunction, "once a district court determines that a gas company has the substantive right to condemn property under the NGA, the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." *East Tenn. Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004). The standard for a preliminary injunction is as follows:

> In order to justify a preliminary injunction, a movant must demonstrate (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiffs favor; and (3) that the public's interest weighs in favor of granting an injunction. A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.

*Singas Famous Pizza Brands Corp. v. New York Advertising LLC*, 468 Fed.Appx. 43, 45 (2d Cir. 2012) (citations and quotation marks omitted).[2] With respect to the second element, the Court has

---

[2] Even if the injunction sought is viewed as a mandatory injunction, which should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief," *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), the Court finds that Constitution has met this standard for the reasons set forth herein.

already determined that Constitution has succeeded on the merits.[3]

Defendants argue that plaintiff has not satisfied the first condition – irreparable harm absent injunctive relief. The Court disagrees. Constitution points to the provision in the FERC Order requiring Constitution to complete construction of the project and make the new pipeline facilities available for service within twenty four months of the date of the FERC Order, or by December 2, 2016. The affidavit of Matthew Swift, Constitution's Project Manager, states that if Constitution does not have possession of the rights of way on or about February 16, 2015 for surveys and construction, "there is a likely risk that Constitution will not be able to begin construction in time to allow the Project to be completed by the anticipated in service date of December 2, 2016, which will cause Constitution to fail to comply with the conditions of the FERC Order and to suffer substantial damages." Swift explains:

> 6. The pipeline is approximately 124 miles long, and in order to expedite construction, Constitution has divided the pipeline into 5 construction spreads, each of which will have twelve crews to perform all construction tasks....
> 7. The construction of large-diameter natural gas pipelines is accomplished in linear segments, with a number of different crews performing different functions as part of the overall pipeline spread. Each crew follows the one ahead of it from one end of a construction spread to the other. The crews (and equipment) proceed sequentially in an assembly-like fashion along the construction corridor at a rate (distance per day) that depends on topography, road and stream crossings, and other factors. In addition, there will be specialty crews that typically do not work sequentially with the other crews. The specialty crews perform tasks such as road borings, stream installations, and trenchless crossings of environmentally sensitive areas.
> 8. Pipeline construction begins with tree and vegetation clearing, and installation of environmental controls, followed by grading and trenching.

---

[3] As the Third Circuit observed in *Columbia Gas Transmission, LLC v. 1.01 Acres*, 768 F.3d 300, 315 (3d Cir. 2014):

> This is not a "normal" preliminary injunction, where the merits await another day. In those situations, the probability of success is not a certainty such that weighing the other factors is paramount. Here, there is no remaining merits issue; we have ruled that Columbia has the right to the easements by eminent domain.

> Thereafter, stringing, pipe bending, welding, and coating of the pipe takes place, followed by installation, backfilling, remediation, and restoration. The newly constructed pipeline will then be pressure-tested prior to being placed in service.
> 9. Generally once construction starts, the crews will move sequentially through all of the tasks for each pipeline segment until construction is complete.
> 10. Construction of the Project is also subject to significant restrictions intended to protect the environment and minimize the impact of construction on the environment. These restrictions are time sensitive and interdependent.

The Swift affidavit goes on to explain in substantial detail the construction schedule, the FERC requirements prior to construction, and other restrictions on construction, as well as potential monetary losses. Constitution has demonstrated it will sustain immediate and irreparable harm in the absence of the injunction.

Defendants urge that the "truly irreparable harm in this matter would be the loss of forests, wetlands, and functioning ecosystems and people's loss of control of their lives and property due to the unchecked caprice of a federal commission." Any such injuries, while perhaps severe, arise from the NGA and the FERC Order, and will occur regardless of whether the Court grants a preliminary injunction to Constitution. Defendants further argue that, by allowing the project to go forward now, the preliminary injunction will cause injury that might otherwise not occur; this argument is grounded on their speculation that the FERC Order may be defeated in some manner. That is not a matter properly before this Court. As noted, it is not for this Court to review the substance and validity of the FERC order. *See Williams Natural Gas*, 890 F.2d at 264. Faced with FERC's Order and plaintiff's motions for relief within the scope of that order, this Court's role is one of enforcement. *See id*. In addition, the Court does not have authority to supervise the manner in which Constitution carries out its eminent domain authority, and the Court denies defendants' request to limit plaintiff's access to their property in various respects.

-7-

Regarding the public interest, Swift explains in his affidavit that the project "will provide additional natural gas capacity to meet the increased needs of customers in the New York and New England market areas" and "will provide new natural gas service for areas currently without access to natural gas, expand access to multiple sources of natural gas supply, improve operational performance, system flexibility and reliability in the New York and New England market areas and optimize the existing systems for the benefit of both current and new customers."  FERC has issued to Constitution a certificate of public convenience and necessity, and has determined that "benefits the Constitution Pipeline Project ... will provide to the market outweigh any adverse effects on existing shippers, other pipelines and their captive customers, and on landowners and surrounding communities."  The public's interest weighs in favor of granting a preliminary injunction.

The Court has carefully considered all of defendants' arguments with the solicitude to which their *pro se* status entitles them.  Weighing all of the relevant factors, including defendants' allegations regarding the harm they would suffer if a preliminary injunction were granted, the Court holds that Constitution is entitled to a preliminary injunction granting access to, possession of, and entry to the rights of way upon the filing of a bond in the sum of $90,000.  In setting the amount of the bond, the Court accepts $22,500 as the appraised value of the subject property, as set forth in Exhibit A to the declaration of Elizabeth U. Witmer, Esq. (Dkt. No. 7-1).  Accordingly, the Omnibus Motion for Preliminary Injunction (Dkt. No. 7) is granted upon the filing of a bond in the sum of $90,000.

It is therefore

ORDERED that plaintiff's Motion for Partial Summary Judgment (Dkt. No. 4) is granted,

and the Court will sign the submitted Order; and it is further

ORDERED that plaintiff's Omnibus Motion for Preliminary Injunction (Dkt. No. 7) is granted upon the filing of a bond in the sum of $90,000, and the Court will sign the submitted Order.

IT IS SO ORDERED.

Date:   February 21, 2015

*Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge